1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS AMIR WARRIOR GREENE,

Plaintiff,

v.

D. MCGUIRE,

Defendant.

_____/

CASE NO. 1:11-cv-02054-AWI-GBC (PC)

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSING ACTION
WITH PREJUDICE, FOR BEING FRIVOLOUS
AND FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED
UNDER SECTION 1983

(Doc. 1)

OBJECTIONS DUE WITHIN FIFTEEN DAYS

## I.       Procedural Background

Plaintiff Marvellous Amir Warrior Greene ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 5, 2011.  (Doc. 1).

## II.      Screening Order Complaint filed June 3, 2011

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

Plaintiff's complaint is rambling and incoherent with a section of conclusory statements that various federal laws have been violated.  Doc. 1.  For example, Plaintiff states in his complaint:

1

D. McGuire was the subject who fell for the honey trap. She shall be held accountable in her individual, official capacities. . . . [S]he stayed looking at my phallus area. I had just finished working out, I was what us slaves call "bird bathing" and I went to get my legal paper work she said "very nice lower body, beautiful legs too" all it took was for her to lip something else, but she licked her sexy lips and my phallus was harder than Chinese mathematics. She put her hands thew [sic] her beautiful hair and I regret the deep desire to expose myself unto this sexy beautiful Goddess that she is. . . . So when Miss Mcguire came to seal my legal paperwork she was looking not at the papers but my phallus threw [sic] a breach in the door . . . This time I needed to show how toxic her beauty is and how wild and bold I shall be to pleasure myself with knowledge that two male line staff was [sic] watching in part.

(Doc. 1 at 1-2). Plaintiff continues on to describe his achievements during highschool. Doc. 1 at 8-9. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Moreover, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual allegations are accepted as true, legal conclusion are not, *id.* at 1949.

Plaintiff's complaint fails to state any claims upon which relief may be granted and is frivolous. Plaintiff's incoherent allegations and summary of childhood achievements do not give rise to any facially plausible claims for relief. *See Iqbal* at 1949-50.

## III.   Three Strikes

A review of the record of actions and appeals filed by Plaintiff in the United States District Court reveals that Plaintiff filed has three or more actions and appeals that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice of the following cases which counts as strikes: *Greene v. Reyes, et al.*, No. 2:00-cv-00196-LKK-DAD-PC (E.D. Cal. June 7, 2000);  *Greene v. State of California*, No. 2:02-cv-02398-FCD-KJM-PC (E.D. Cal. July 14, 2003);  *Greene v. California Department of Corrections, et al.*, No. 2:04-cv-02383-FCD-DAD-PC (E.D. Cal. January 24, 2006); and  *Greene v. Jones*, No. 1:08-cv-00677-CRB (E.D. Cal. February 12, 2009).

Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on December 5, 2011.  Moreover, Plaintiff fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his complaint and the Court finds that Plaintiff should be precluded from proceeding in forma pauperis.  The Court finds that dismissal of Plaintiff's action is appropriate. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma pauperis status under § 1915(g) mandated dismissal since a prisoner must pay the filing fee at the time of initiating the suit).

///
///
///
///
///
///
///
///
///

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

1   **IV.   Conclusion and Recommendation**

2       Plaintiff's complaint is frivolous and fails to state any claims upon which relief may be

3 granted.  Moreover, Plaintiff has accumulated three or more strikes prior to filing this complaint.

4 Accordingly, the Court HEREBY RECOMMENDS that:

5       1.      This action be dismissed, with prejudice, as frivolous and for failure to state a claim;

6              and

7       2.      The Clerk's Office enter judgment.

8

9       These Findings and Recommendations will be submitted to the United States District Judge

10 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**

11 **days** after being served with these Findings and Recommendations, Plaintiff may file written

12 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

13 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

14 specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d

15 1153 (9th Cir.1991).

16

17 IT IS SO ORDERED.

18 Dated:    December 20, 2011

19                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28