# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AMIR WARRIOR GREENE, | CASE NO. 1:11-cv-02054-AWI-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND  FOR FAILURE TO STATE A CLAIM |
| v. | ORDER FINDING PLAINTIFF MUST PAY THE FILING FEE PURSUANT TO 28 U.S.C. § 1915(g) |
| D. MCGUIRE, | |
| Defendant. | ORDER GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT AND PAY THE FILING FEE |
| _____/ | (Docs. 1, 9, & 11) |

I.      PROCEDURAL BACKGROUND

        Plaintiff Marvellous Amir Warrior Greene ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 5, 2011.  Doc. 1.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On December 20, 2011, the Magistrate Judge filed a Findings and Recommendations that found Plaintiff had three "strikes" pursuant to 28 U.S.C. § 1915(g) and the complaint did not meet Section 1915(g)'s "immanent danger" requirement.  The Findings and Recommendations also found the complaint frivolous.

        The Magistrate Judge's Findings and Recommendations was served on Plaintiff, which contained notice that any objections to the Findings and Recommendations were to be filed within fifteen (15) days.  Doc. 6.  On December 28, 2011, Plaintiff filed objections and a first

1

1    amended complaint.  Doc. 9; Doc. 10.

2    **II.    DISCUSSION**

3        **A.    28 U.S.C. § 1915(g) - Three Strikes**

4        Preliminarily, the court notes that Plaintiff may not proceed with this action without

5    paying the filing fee.   The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb

6    frivolous prisoner complaints and appeals."  <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1099-1100 (9th

7    Cir. 2011).   Pursuant to the PLRA, the in forma pauperis statute was amended to include 8

8    U.S.C. § 1915(g), a non-merits related screening device which precludes prisoners with three or

9    more "strikes", from proceeding in forma pauperis unless they are under imminent danger of

10   serious physical injury.  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1049-50 (9th Cir. 2007).   Section

11   governs proceedings in forma pauperis and provides that:

12          In no event shall a prisoner bring a civil action . . . under this section if the
13          prisoner has, on 3 or more prior occasions, while incarcerated or detained in any
            facility, brought an action or appeal in a court of the United States that was
14          dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
            upon which relief may be granted, unless the prisoner is under imminent danger of
15          serious physical injury.

16   The Magistrate Judge properly found that Plaintiff must pay the filing fee in this action pursuant

17   to Section 1915(g) because the record shows that Plaintiff has, on three or more prior occasions,

18   brought an action that was dismissed for failure to state a claim.   The court's review shows

19   Plaintiff has been found three strikes by the Ninth Circuit and has had at least three actions

20   dismissed for failure to state a claim.   <u>See</u>, <u>e.g.</u>,  <u>Greene v. Jones</u>,  09-15414 (9th Cir. May 29,

21   2009) (Ninth Circuit finding Plaintiff has three strikes); <u>Greene v. California Department of

22   Corrections, et al.</u>, No. 2:04-cv-02383 FCD-DAD-PC (E.D. Cal. January 24, 2006) (dismissing

23   for failure to state a claim);  <u>Greene v. Reyes, et. al.</u>, 2:00-cv-00196 LKK-DAD-PC (E.D. Cal.

24   June 7, 2000) (dismissing for failure to state a claim).

25       Thus, the first issue in this action is whether Plaintiff has met the imminent danger

26   exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious

27   physical injury, which turns on the conditions he faced at the time he filed suit on December 5,

28   2011.  <u>See</u> <u>Andrews</u>, 493 F.3d at 1053-56.   As discussed further below, at best, Plaintiff's

1  amended complaint attempts to state a claim for Defendant's First Amendment denial of

2  Plaintiff's access to the courts.   However, Defendant's alleged failure to deliver legal mail does

3  not allege an imminent danger of serious physical injury.   Thus, Plaintiff cannot proceed with

4  this action without paying the filing fee.   Plaintiff will be given thirty days to pay the filing fee.

5        **B.        December 28, 2012 Amended Complaint**

6        Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may

7  amend its pleading once as a matter of course within . . . 21 days after serving it[.]"

8  Fed.R.Civ.P. 15(a)(1)(A).   Rule 15(a)(1)(B) provides that a party's right to amend as a matter of

9  course terminates "21 days after service of a responsive pleading or 21 days after service of a

10  motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1)(B).  There being

11  no responsive pleading or Rule 12 motion brought, Plaintiff was entitled to file an amended

12  complaint on December 28, 2011.[1]  An amended complaint supercedes the original complaint.

13  Lacey v. Maricopa County,  649 F.3d 1118, 1137 (9th Cir. 2011); Forsyth v. Humana, Inc., 114

14  F.3d 1467, 1474 (9th Cir. 1997).   Thus, the court is now proceeding with Plaintiff's amended

15  complaint, filed on December 28, 2011, and not the December 3, 2011 complaint referenced in

16  the Findings and Recommendations.

17        **C.        First Amendment Right to Access Courts**

18        The December 28, 2011 amended complaint appears to attempt to allege that Defendant

19  McGuire violated Plaintiff's right to mail legal documents to the court.

20        A prisoner has "a First Amendment right to send and receive mail."  Witherow v. Paff, 52

21  F.3d 264, 265 (9th Cir. 1995).   A prisoner also has a constitutional right of access to the courts

22  and prison officials may not actively interfere with a prisoner's right to litigate.   Silva v.

23  Vittorio, 658 F.3d 1090, 1101–02 (9th Cir.  2011).   To state a viable claim for a defendant's

24  alleged interference with a prisoner's access to the court, a prisoner must allege he suffered an

25  actual injury, which is prejudice with respect to contemplated or existing litigation, such as the

26  inability to meet a filing deadline or present a non-frivolous claim.   Christopher v. Harbury, 536

27

28        [1]  In making this finding, the court utilizes the "prisoner mailbox rule" and finds Plaintiff's amended complaint deemed filed as of December 23, 2011, when it appears to have been given to prison officials for mailing.

1    U.S. 403, 415 (2002);  <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996).

2         In the amended complaint, Plaintiff alleges that Defendant was to seal legal mail that

3    contained a new complaint.   Plaintiff implies Defendant was seen with the opened envelope at

4    the "office".   Plaintiff alleges he waited a month to verify if the complaint had been sent, and it

5    had not been sent.  Plaintiff contends Defendant is guilty of obstructing Plaintiff's legal access to

6    the courts.

7         The court cannot find that these allegations are so lacking that allowing Plaintiff to file an

8    amended complaint would be futile.   A complaint must contain "a short and plain statement of

9    the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Here,

10   Plaintiff fails to state all elements necessary to state a claim for interference with Plaintiff access

11   to the courts.   Plaintiff fails to provide enough details to ascertain how Defendant is responsible

12   for Plaintiff's complaint not reaching the court and what harm Plaintiff incurred as a result of

13   Defendant McGuire's actions.  Detailed factual allegations are not required, but "[t]hreadbare

14   recitals of the elements of a cause of action, supported by mere conclusory superfluous, do not

15   suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>,

16   550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual

17   matter, accepted as true, to 'state a claim that is plausible on its face.'"  <u>Iqbal</u>, 129 S.Ct. at 1949

18   (quoting <u>Twombly</u>, 550 U.S. at 555).  While factual allegations are accepted as true, legal

19   conclusion are not.  <u>Id.</u> at 1949.

20        In filing any amended complaint, Plaintiff is reminded that Rule 12(f) of the Federal

21   Rules of Civil Procedure requires the court to strike from "any pleading any insufficient defense

22   or any redundant, immaterial, impertinent, or scandalous matter."   Thus, in any amended

23   complaint, Plaintiff must focus on Defendant's alleged failure to mail legal documents and not

24   superfluous statements irrelevant to Plaintiff's access to the court's claim.   In addition, Plaintiff

25   is advised that the facts alleged in any amended complaint must be based upon a well-founded

26   belief that the facts support a cognizable or arguable legal theory.  <u>See</u> Fed. R. Civ. P. 11.

27   //

28

**ORDER**

Accordingly, the court ORDERS that:

1.      The court respectfully declines to adopt the Finding and Recommendation that
found this action frivolous;

2.      The amended complaint is DISMISSED with leave to amend;

3.      Plaintiff may file a second amended complaint within thirty days;

4.      Given the complaint's allegations, the court finds Plaintiff may not proceed in
forma paueris; and

5.      Plaintiff SHALL pay the filing fee for this action within thirty days.

IT IS SO ORDERED.

Dated:      August 10, 2012                                    _____

CHIEF UNITED STATES DISTRICT JUDGE