# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AMIR WARRIOR GREENE, | CASE NO. 1:11-cv-02054-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| D. MCGUIRE, | |
| Defendant. | (Doc. 1) |
| | OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**I.   Procedural Background**

Plaintiff Marvellous Amir Warrior Greene ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 5, 2011. Doc. 1. On December 20, 2011, the magistrate judge issued findings and recommendation in which stated that Plaintiff was subject to the three strike provision of 28 U.S.C. § 1915(g) and precluded from proceeding in forma pauperis.[1] Doc. 5. On August 13, 2012, the District Court Judge revoked Plaintiff's IFP status and ordered Plaintiff to pay the filing fee within thirty days of service of the order or the action would be dismissed without prejudice. Doc. 12. On September 17, 2012, rather than obey the court order by filing the fee, Plaintiff has filed objections stating that

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

1

he cannot pay the required filing fee.  Doc. 13.

## II.   Failure to Comply With Court Order and Failure to Prosecute

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

'The public's interest in expeditious resolution of litigation always favors dismissal.' *Pagtalunan v. Galaza*, 291 F.3d 639, 642  (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Plaintiff is obligated to comply with the Local Rules and was informed via court order regarding the need pay the filing fee.  Doc. 42.  The Court cannot effectively manage its docket if a party ceases to obey the orders of the court and litigate the case.  Thus, both the first and second factors weigh in favor of dismissal.

1    Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and
2 of itself to warrant dismissal." *Id.* (citing *Yourish* at 991). However, "delay inherently increases the
3 risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's
4 failure to comply with the Local Rules and the Court's order that is causing delay. Therefore, the
5 third factor weight in favor of dismissal.

6    As for the availability of lesser sanctions, at this stage in the proceedings there is little
7 available to the Court which would constitute a satisfactory lesser sanction while protecting the
8 Court from further unnecessary expenditure of its scare resources and the statutory requirement that
9 Plaintiff pays the filing fee to proceed with the complaint.   Finally, because public policy favors
10 disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643. However, "this
11 factor lends little support to a party whose responsibility it is to move a case toward disposition on
12 the merits but whose conduct impedes progress in that direction," *In re Phenylpropanolamine (PPA)*
13 *Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations
14 omitted), as is the case here.

15    In summary, Plaintiff has failed to comply with the Court order to pay the filing fee in order
16 to proceed with this action.

## III.    Conclusion and Recommendation

19    Since Plaintiff has failed to respond to the Court's order filed on August 13, 2012, the Court
20 HEREBY RECOMMENDS: that Plaintiff's action be DISMISSED WITHOUT PREJUDICE for
21 failure to obey a court order.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  These Findings and Recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**
3 **days** after being served with these Findings and Recommendations, Plaintiff may file written
4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d
7 1153 (9th Cir.1991).

9 IT IS SO ORDERED.

11 Dated:    September 18, 2012                                  UNITED STATES MAGISTRATE JUDGE